UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED DESERT CHARITIES, FRED EDE, III, EMILY WILLIAMS, BRUCE PRITCHARD, and JEAN STEINER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLOAN VALVE COMPANY, *et al.*,<br><br>Defendants. | Case No. CV12-06878 SJO (SHx)<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Action Filed: August 9, 2012<br><br>*The Honorable S. James Otero*<br><br>Consolidated Cases:<br><br>*Berube v. Flushmate*<br>2:13-cv-02372-SJO-SH<br>*Brettler v. Flushmate*<br>2:13-cv-02499-SJO-SH<br>*Kubat, et. al. v. Flushmate*<br>2:13-cv-02425-SJO-SH<br>*Patel v. Flushmate*<br>2:13-cv-02428-SJO-SH<br><br>Related Case:<br><br>*Dimov, et. al. v. Sloan Valve Co.*<br>1:12-cv-09700 (N.D. Ill.) |

Pursuant to Fed. R. Civ. P. 23(h), 54(d), and 52(a), Class Counsel have filed an application for attorneys' fees and expenses and for service awards (the "Application"). The Application duly came on for hearing on August 25, 2014. Having reviewed the papers, pleadings and files in these consolidated and related cases (collectively, the "Action"), and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

Class Counsel's Application for an award of attorneys' fees of $ 4,500,000, an amount equal to twenty-five percent (25%) of the $ 18,000,000.00 Settlement fund, established pursuant to the Class Action Settlement Agreement and Release ("Settlement") with Defendants, is fair, appropriate and reasonable. The Court awards the above amount, in addition to $ 134,076.25 in costs and expenses, plus $ 1,000 incentive awards to each Class representative which shall be paid in accordance with Sections VII and VIII of the Settlement. In support of this Order, the Court makes the following findings of fact and conclusion of law.

1. Capitalized terms used in this Order have the same definition as used in the Settlement.

2. The Class was provided with due and adequate notice, in compliance with the requirement of constitutional due process and Rule 23 of the Federal Rules and Civil Procedure, pursuant to the Notice Program approved by the Court in its Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement ("Preliminary Approval Order"). The Class Notice informed the Class that Class Counsel intended to apply for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Settlement and for costs and expenses incurred by Class Counsel during the prosecution of the Action.

3. The Settlement confers substantial benefits on the Class. The requested attorneys' fees are fair, appropriate, and reasonable whether as a percentage of the Settlement, or as considered under a cross-check based on the

[PROPOSED] ORDER REGARDING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATION TO NAMED PLAINTIFFS

total lodestar reported by Class Counsel.[1] The use of the "percentage-of-the-fund" method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees. This approach permits this Court to focus on a fund conferring benefits on a class that was created through the efforts of Class Counsel. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

4. Under well-established precedent, the Ninth Circuit has directed that twenty-five percent (25%) of the class benefit should be the "benchmark" attorneys' fee where, as here, counsel's efforts have led to the creation of a common fund. That benchmark may be adjusted by the Court depending on the circumstances of the case. *Vizcaino*, 290 F.3d at 1047–48.

5. The Court finds and concludes that the fees requested by Class Counsel are fully justified by, *inter alia*, (a) the results achieved by the Settlement; (b) the substantial risks and complexity of the litigation; (c) the contingent nature of the fees and the financial burden carried by Class Counsel; (d) the length of time that the litigation has been pending; (e) fee awards made in similar cases in this Court; (f) percentages in standard contingency-fee agreements; (g) the additional benefits obtained in the Settlement beyond the Settlement fund; (h) the reaction of the Class; (i) the work and labor of Class Counsel as well as the attorneys' fee lodestar incurred in prosecuting the Action; and (j) the cooperation of all Class Counsel with pending related actions.

6. The Court finds that the Settlement was reached following extensive arm's length negotiations between the parties, and further finds that the settlement was negotiated in good faith and in the absence of collusion.

---

[1] The following firms comprise the Court-appointed Class Counsel: Birka-White Law Offices; Lieff Cabraser Heimann & Bernstein, LLP; Audet & Partners, LLP; Parker Waichman LLP; Levin Fishbein, Sedran & Berman, LLP; Wexler Wallace, LLP; Holland Groves Schneller & Stolze LLC; and Geragos & Geragos, P.C.

7. Efforts by Class Counsel in this complex class action litigation have been without compensation or reimbursement of any kind. The fees incurred and the costs advanced, as noted in the record, have been wholly contingent upon the result achieved. The requested fee is more than justified under the applicable law.

8. As a result of Class Counsel's prosecution of this case and subsequent negotiation of the Settlement, Class Counsel secured a valuable benefit for the Class. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (the "most critical factor is the degree of success obtained"). The cash payments will meaningfully reimburse Class members for expenses connected with the repair and/or replacement of the affected toilets. The Settlement achieves the key goals of this litigation: providing compensation to owners of Flushmate Toilets, and furthering the safety of the general public and Class members.

9. Section IV.A.4 of the Settlement requires the Defendants to make payments in excess of $ 18 million to satisfy Property Damage claims if they exceed $ 1.5 million and certain conditions are met. Consistent with the other findings set forth in this Order, the Court finds that, in such an event, the 25% fee percentage should be maintained and, as a result, Class Counsel will receive 25% of the additional payments.

10. Class Counsel's collaborative efforts in the Action led to a global settlement that efficiently resolved several actions around the country arising from the same facts, and involving both property and economic damage stemming from fixtures in residential, public and commercial establishments. Simply put, counsel did a fine job with a relatively novel case whose prosecution and successful settlement were clearly in the public interest. Class Counsel's effective and efficient work in resolving this complex matter should be appropriately rewarded.

11. The propriety of the requested fee is further confirmed by a "cross-check" using Class Counsel's reported lodestar. *Vizcaino*, 290 F.3d at 1051. Class

1  Counsel and their staffs have spent in excess of 6,400 hours investigating,
2  analyzing, researching, litigating, and negotiating a resolution of the Action. The
3  Court finds that Class Counsel's hourly rates (used to calculate the lodestar here)
4  are consistent with prevailing rates in this District, and have been approved by
5  other federal courts.

6      12.    The total reported lodestar amount in the Action is $ 4,018,936.05.
7  The requested fee constitutes a multiplier of approximately 1.12. *See Vizcaino*,
8  290 F.3d at 1050–51 (upholding a 28% fee award that constituted a 3.65 multiple
9  of lodestar). The low multiplier in the present case supports the Court's finding
10 that the amount requested by Class Counsel is reasonable.

11     13.    In addition, under applicable case law and the terms of the
12 Settlement, Class Counsel are entitled to recover the out-of-pocket costs and
13 expenses reasonably incurred in investigating, prosecuting, and settling this
14 Action. As documented with this Court, Class Counsel have incurred $ 134,076.25
15 in unreimbursed, out-of-pocket expenses. The Court finds that these costs and
16 expenses were both reasonable and necessary, and shall be reimbursed as set forth
17 in accordance with Section VII of the Settlement.

18     14.    Finally, "named plaintiffs, as opposed to designated class members
19 who are not named plaintiffs, are eligible for reasonable incentive payments."
20 *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The incentive awards of
21 $ 1,000 for each Class representative are reasonable and justified given the
22 circumstances here. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,
23 457, 463 (9th Cir. 2000) (approving service awards of $ 5,000).

## CONCLUSION

25     For the foregoing reasons, Class Counsel's Application for an award of
26 attorneys' fees in the amount of $ 4,500,000, reimbursement of expenses in the
27 amount of $ 134,076.25, and incentive awards in the amount of $ 1,000 for each
28 Class representative is GRANTED. Further, to the extent that the Defendants

make Settlement Payments in excess of $ 18 million as provided in Section IV.A.4 of the Settlement, Class Counsel shall be awarded twenty-five percent (25%) of any additional Settlement Payments so made. Class Counsel's attorneys' fees, reimbursement of expenses, and the incentive awards shall be paid in accordance with the schedules set forth in Sections VII and VIII of the Settlement.

IT IS SO ORDERED.

Date: August 25, 2014

*S. James Otero*

The Honorable S. James Otero
UNITED STATES DISTRICT JUDGE

5    CV12-06878 SJO (SHx)
[PROPOSED] ORDER REGARDING MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND COMPENSATION TO NAMED PLAINTIFFS